R. Joseph Trojan  CA Bar No. 137,067
trojan@trojanlawoffices.com
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA  90212
Telephone:  (310) 777-8399
Facsimile:  (310) 777-8348
**Attorneys for Plaintiff,**
**PHOENIX SOLUTIONS, INC.**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHOENIX SOLUTIONS, INC., a California corporation, | CASE NO. CV-08-984 MRP (SSx) |
| Plaintiff, | **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO ALTER OR AMEND ORDER / MOTION FOR RECONSIDERATION** |
| v. | |
| THE DIRECTV GROUP, INC., a Delaware corporation, | Hon. Mariana R. Pfaelzer |
| Defendant. | |
| | Hearing Date:   November 2, 2009<br>Hearing Time:   10:00 am<br>Courtroom:      12 |

Plaintiff Phoenix Solutions, Inc. ("Phoenix" or "Plaintiff") hereby moves pursuant to F.R.C.P. 59(e) and Local Rule 17-8 that this Court alter or amend its Order filed September 30, 2009, and for reconsideration of that Order, with regard to the ruling on Defendant The DIRECTV Group, Inc. ("DirecTV" or "Defendant")'s Motion for Summary Judgment re: Non-Infringement ("Motion for Summary Judgment"). Specifically, Plaintiff requests that this Court review the May 1, 2009 Order ("*Katz* Opinion") in *In Re: Katz Interactive Call Processing Patent Litigation*, Case No. 07-01816 RGK (C.D. Cal.) in which Judge R. Gary Klausner found that "there is factual dispute as to whether DirecTV directed or controlled the specific West components/steps that are accused of infringement". Declaration of R. Joseph Trojan ("Trojan Decl."), Exh. 1 at 15.

The DirecTV Interactive Voice Response ("IVR") systems accused of infringing the Katz patents were those providing "DirecTV's Get Sports, Current Customer Service, and Adult Programming services". Trojan Decl., Exh. 1 at 3.[1] The same IVR systems are accused of infringement in this litigation. *See* Trojan Decl., Exh. 2. The courts have issued conflicting rulings on identical sets of facts, with this Court's September 30, 2009 Order finding no triable issue of fact while the *Katz* Opinion finding the converse. As there was no indication on the Court's Order that it considered the *Katz* Opinion prior to making the decision, Plaintiff asks that the Court reconsider its Order in light of the recently discovered *Katz* Opinion.

//
//
//
//

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. ARGUMENT

### A. Standard of Review

Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *See School Dist. No. IJ Multnomah County v. Acands, Inc.*, 5 F.3d 1255, 1263 (1993); *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369, n. 5 (9th Cir. 1989) (quoting *U.S. v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970)); *see also* Local Rule 7-18. The Central District states that a motion for reconsideration may be made on the following grounds:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

Plaintiff asks the Court to reconsider its Order granting Defendant's Motion for Summary Judgment because the Order does not indicate that the Court had the opportunity to consider the *Katz* Opinion, which found that there was a triable issue of fact on the issue of Defendant's direction and control over West Interactive Corporation, and in particular the "Call Processing Platform" that is at issue both in that case in the present instance. *See* Trojan Decl., Exh. 3; Exh. 1 at 15. Defendant

---

[1] The *Katz* Opinion did not expound on the exact features of these IVR systems, but Plaintiff believes that further discovery will confirm that the *Katz* litigation involved the same accused IVR systems. *See* Section I.D, *infra*.

had the duty to disclose the *Katz* Opinion at the filing of its Motion for Summary Judgment. *See* Section I.C, *infra*. Defendant's failure to do so has delayed the proceedings and necessitated this Motion for Reconsideration.

In addition, Defendant has also failed to produce any discovery related to the *Katz* litigation, leaving the Court blind as to the context of the *Katz* Opinion. This is particularly critical in Plaintiff's case against Defendant because Defendant did not disclose its direction and control contentions until it revealed its intent to file its Motion for Summary Judgment, so Plaintiff had no reason to pursue discovery on the issue until only recently.[2] Therefore, in order to properly assess the *Katz* Opinion, the Court should also consider the relevant documents produced in *Katz*.[3] Defendant has no basis to object to the inclusion of this evidence for the Court's consideration, and the Court must consider it in fairness to Plaintiff.

On the face of the Court's Order, there is a manifest showing of a failure to consider the *Katz* Opinion and related documents, which was discovered and presented to the Court just one day before the Court entered its Order. Indeed, Defendant's failure to produce the *Katz* Opinion and continued refusal to produce other *Katz* litigation documents has left the Court in the unenviable position of having decided the case without considering all of the material evidence. Accordingly, Plaintiff seeks alternative relief as follows:

A) Rescission of the Order granting Defendant's Motion of Summary Judgment; or

B) Stay of the Order for further review of the *Katz* Opinion and the

---

[2] In fact, Plaintiff was still in the process of deposing witnesses when the Court Order was issued. *See* Trojan Decl., Exh. 4. It was not until Plaintiff uncovered the *Katz* Opinion when it was revealed that several key witnesses on the issue of direction and control had yet to be deposed. *See* Section I.D, *infra*.

[3] It is particularly telling that Defendant uses a completely different set of witnesses on this case as compared to the list of witnesses used for its motion for summary judgment in *Katz*. *See* Trojan Decl., Exh. 5 at 3; Exh. 9.

-3-   **CV08-0984 MRP**

  documents produced in the *Katz* litigation; or

C)  Modification of the Order granting Defendant's Motion of Summary Judgment to specifically confirm that the *Katz* Opinion has already been considered.

**B.  The Court Did Not Take Into Account the Recently Submitted *Katz* Opinion**

The Court must consider facts that directly affect the Court's Order. In determining whether there is a genuine issue of material fact, the Court must view the evidence in the light most favorable to the party opposing the motion, and resolve doubts in favor of the nonmovant. *Baxter Int'l, Inc. v. COBE Labs., Inc.*, 88 F.3d 1054, 1057 (Fed. Cir. 1996). Defendant claims that the *Katz* Opinion analyzes "fundamentally different technology and claims" from the Accused Devices and thereby asks the Court not to consider the *Katz* Opinion. *See* Trojan Decl., Exh. 6. Unfortunately, Defendant does not verify its claim with any supporting evidence. *See id*. Contrary to Defendant's assertion, the language of the *Katz* Opinion suggests that the accused system in *Katz* is identical to the Accused Device in this case. *See* Trojan Decl., Exh. 1 at 3. To the extent that the two cases against Defendant's accused systems involve identical facts and circumstances, the portion of the *Katz* Opinion discussing the direction and control issue is directly relevant to the Court's September 30, 2009 Order, and inferences should be drawn in Plaintiff (the non-moving party)'s favor.

More importantly, the *Katz* Opinion is relevant to several key disputes between the parties: 1) whether the direction and control test applies to system claims, 2) whether the direction and control test should be applied to an infringing system as a whole or to individual infringing components of an accused system; and 3) whether the factually intensive issue of direction and control should be decided by a court summarily at this stage in the litigation. *See* Trojan Decl., Exh.

-4-  **CV08-0984 MRP**

1; *see also* Trojan Decl., Exh. 6 (Defendant acknowledging that the *Katz* Opinion considered a key issue related to direction and control). The Court's September 30, 2009 Order does not indicate whether it took the *Katz* Opinion into account with respect to any of these issues. *See* Trojan Decl., Exh. 3. Given that the 44-page *Katz* Opinion was filed with the Court just *one* day prior to the Court's Order, the Court may not have had the opportunity to fully consider the *Katz* Opinion with respect to each of the above issues.

**C.     Defendant Had the Duty to Disclose the *Katz* Opinion to the Court**

Rule 3.3 of the Model Rules of Conduct entitled, "Candor Toward the Tribunal," states that "[a] lawyer must not knowingly do the following: ... (2) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." ABA Model Rules Prof. Conduct, rule 3.3(a)(2); *see also Batt v. City and County of San Francisco*, 155 Cal.App.4th 65, 82, n. 9 (Cal.App. 1 Dist. 2007).

The *Katz* Opinion was issued here in the Central District on May 1, 2009, months prior to Defendant's filing of its Motion for Summary Judgment. *See* Trojan Decl., Exh. 1; Trojan Decl., Exh. 7. Incredibly, Defendant intentionally concealed from the Court both the *Katz* litigation and *Katz* Opinion, despite the fact that *Katz* involved accused systems and disputed issues identical to those in this case. *See* Trojan Decl., Exh. 1 at 3. The Court should take the opportunity to thoroughly review the *Katz* Opinion because Defendant cannot be allowed to benefit from its intentional nondisclosure.

**D.     Defendant Has Yet to Produce Discovery Related to the *Katz* Litigation**

As noted above, Defendant claims that the *Katz* Opinion analyzes "fundamentally different technology and claims" from the Accused Devices, yet Defendant offers no evidence to support its assertions. *See* Trojan Decl., Exh. 6.

Given the relevance of the *Katz* Opinion to the issue of direction and control at stake in this litigation, the factual context of *Katz* must be considered. Unfortunately, Defendant has yet to produce any discovery related to the *Katz* litigation.

Moreover, Plaintiff's discovery of the *Katz* litigation has revealed that key witnesses to the issue of direction and control have yet to be deposed. *See* Trojan Decl., Exh. 5; Exh. 8. In particular, it appears that the previously noticed (but not yet taken) deposition of Jeffrey Knight will likely reveal material facts. *See* Trojan Decl., Exh. 4. As such, it would be prudent to reconsider the Court's Order to allow for further discovery, at the very least, to confirm or refute Defendant's allegation that the *Katz* Opinion analyzes "fundamentally different technology and claims" from the Accused Devices.

## II. CONCLUSION

For all of the foregoing reasons, Phoenix requests that the Court reconsider and rescind its September 30, 2009 Order.

Respectfully submitted,
TROJAN LAW OFFICES
by

DATED: October 9, 2009        /s/ R. Joseph Trojan

R. Joseph Trojan
Attorney for Plaintiff,
PHOENIX SOLUTIONS, INC.